183-08/PJG

FREEHILL HOGAN & MAHAR, LLP
Attorneys for Defendant and Counter-Claimant
Donald Line Ltd.
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Peter J. Gutowski (PG 2200)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HAN SHIPPING INC., | 07 CV 9529 (LAK) |
| Plaintiff, | **VERIFIED ANSWER and COUNTERCLAIM** |
| - against - | |
| DONALD LINE LTD., | |
| Defendant. | |

Defendant Donald Line Ltd. (hereinafter "Donald Line" or "Defendant"), by its attorneys FREEHILL HOGAN & MAHAR LLP, as and for its Answer to the Complaint of the Plaintiff (hereinafter "Plaintiff" or "Han") and its Counterclaim, alleges upon information and belief as follows:

1.  Admits that to the extent the subject matter of the Complaint involves a collision between vessels at sea, the matter falls under the Court's admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. §1333, but except as so admitted, denies the remaining allegations contained in Paragraph "1" of the Complaint.

2. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "2" of the Complaint.

3. Admits that Defendant Donald Line was and still is a foreign corporation or other business entity organized under and existing by virtue of foreign law with a place of business at 3rd Floor, 111 Charterhouse Street, London, England and was at all material times the owner of the motor vessel "ALIOS ARTEMIS."

4. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "4" of the Complaint.

5. Admits the allegations contained in paragraph "5" of the Complaint.

6. Admits that on or about June 1, 2006, the vessel "ALIOS ARTEMIS" was in a collision with the M/V "HAN" in international waters approximately 16 miles south-southeast of the Island Hydra, Greece, and that subsequent thereto the M/V "HAN" sank, but except as so admitted, denies knowledge or information sufficient to form a belief with respect to the remaining allegations contained in paragraph "6" of the Complaint.

7. Denies the allegations contained in paragraphs "7 - 10" of the Complaint.

8. Admits that the Plaintiff states that its action is brought in order to obtain jurisdiction over Defendant and obtain security for Plaintiff Han's claims in aid of proceedings filed in the English High Court, which constitute statements regarding intent but which do not require a response on the part of Defendant, but to the extent some response is required, Defendant acknowledges that this action is not a substantive proceeding in which the merits of the respective claims regarding the collision can be adjudicated and otherwise denies that security would be appropriate in connection with any proceedings in the High Court as (i) that is an inappropriate jurisdiction for the

adjudication of the merits of this dispute and (ii) the Plaintiff Han has already received security as a consequence of a vessel arrest initiated by it in Scotland in 2007 in respect to actions which Plaintiff initiated in Greece with respect to the same claims which form the subject matter of this litigation, and except as so admitted, denies the remaining allegations set forth in paragraph "11" of the Complaint.

9. Admits that Defendant Donald Line commenced an action in the Multi-Member Court of the First Instance of Piraeus against the Plaintiff Han seeking, *inter alia*, a determination that it bears no responsibility or liability toward the Plaintiff with respect to the collision, and avers that in addition to the above referenced action, Defendant Donald Line has commenced an action in the Multi-Member Court of First Instance of Piraeus against Han Shipping Inc. seeking payment of its claims for damages resulting from the collision in the sums of EUR142,835.13 and USD68,881.56 plus, by way of indemnity, the sums of EUR300,000 and EUR1,009,715.71, plus interest and costs, but except as so admitted, denies the remaining allegations contained in paragraph "12" of the Verified Complaint.

10. Paragraph 13 of the Complaint contains statements of intent or position with respect to certain aspects of this claim which do not require a response by the Defendant, but to the extent they do, the Defendant avers that the Courts of Greece are an appropriate place for an exercise of substantive jurisdiction over this dispute, since, *inter alia*, both parties commenced actions there concerning this matter, and Defendant otherwise denies knowledge or information with respect to where the Plaintiff is "based"; admits that the Defendant has an office in England; admits that the collision occurred in

international waters; and denies that Greece has no interest or connection to the subject dispute inasmuch as the "ALIOS ARTEMIS" is and has at all material times been:

    a. registered in Greece under number 11383 in the registry of ships of the port of Piraeus (Class B),

    b. flying the Greek flag; and

    c. managed out of Greece by Kyla Shipping Company of 348 Syngrou Avenue, Kallithea, Athens, Greece on behalf of the Defendant;

and Defendant denies knowledge or information sufficient to form a belief with respect to the remaining allegations sustained in paragraph "13" of the Complaint.

    11. Paragraph "14" of the Complaint contains assertions regarding jurisdiction which do not require a response, but to the extent they do, Defendant denies that jurisdiction in England or Turkey is proper; admits that Plaintiff has commenced an action in England which is presently stayed pending the outcome of the Greek proceedings; denies knowledge or information with respect to any action in Turkey, and denies knowledge or information sufficient to form a belief with respect to the remaining allegations contained in paragraph "14" of the Complaint.

    12. Admits that interest, costs and attorneys' fees are routinely awarded to the prevailing party in English actions commenced and litigated in England, denies knowledge or information with respect to the projected estimates as set forth in paragraph "15", and denies that any sums for such items are due to the Plaintiff with respect to the subject matter of the Complaint.

    13. Admits that certain funds of the Defendant have come into this District which have been restrained as a consequence of the Process of Attachment issued in this

action, but except as so admitted, denies the remaining allegations contained in paragraph "16" of the Complaint.

14. The allegations contained in paragraph "17" involve an application to the Court for an Order issuing an attachment, which do not require any response from the Defendant, but to the extent they do, Defendant denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "17" of the Complaint.

### AS A FIRST AFFIRMATIVE DEFENSE

15. The Court lacks personal jurisdiction over Defendant Donald Line.

### AS A SECOND AFFIRMATIVE DEFENSE

16. Insufficiency of process and insufficiency of service of process.

### AS A THIRD AFFIRMATIVE DEFENSE

17. The disputes which form the subject matter of this Complaint are subject to pending litigation(s) in Greece relating to the subject collision. This action was commenced solely as a security proceeding by Plaintiff HAN. Defendant Donald Line similarly reserves its right(s) to litigate the substantive aspects of these claims in Greece or another forum.

### AS A FOURTH AFFIRMATIVE DEFENSE

18. Plaintiff Han commenced arrest proceedings in Scotland in connection with the same claims which form the subject matter of this Complaint and was provided security in response to that arrest proceeding and in connection with a pending action(s) which Plaintiff Han had filed in Greece at that point in time and which was then pending. As a consequence of the foregoing, Plaintiff Han's commencement of and/or

maintenance of this action and its restraint of funds here is an inappropriate and illegal use of the Rule B mechanism, constitutes an abuse of process and an action in bad faith. As such, this action should be dismissed, any and all funds or assets restrained should be released, the attachment vacated and Defendant awarded all costs and attorneys' fees incurred in connection with this suit, as Plaintiff Han is already fully secured.

## AS AND FOR DEFENDANT'S COUNTERCLAIM

19. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. §1333 in that it involves a claim relating to damages flowing from a collision between vessels at sea.

20. At all times material hereto, the Plaintiff and Counter-Defendant Han was and still is a foreign corporation as set forth in paragraph "2" of the Complaint and was at all times material hereto the Owner of the M/V HAN.

21. At all times material hereto, Defendant and Counter-Claimant Donald Line was and still is a foreign business entity organized and existing under the laws of a foreign country with a place of business as set forth of paragraph "3" of the Complaint.

22. On or about May 29, 2006 the vessel HAN and the vessel ALIOS ARTEMIS, while navigating approximately 18 miles south southeast of the Island of Hydra, came into collision.

23. The collision occurred through no fault of the ALIOS ARTEMIS or its officers, crew, owners or managers, which vessel was, at all times material hereto, navigating by and pursuant to the International Rules for the Prevention of Collision at Sea and otherwise in a non-negligent matter.

24. The collision was caused by the fault, neglect, negligence and/or failure to abide by the International Rules for the Prevention of Collision at Sea by the M/V Han, its officers and/or crew, and/or her owners, agents and/or managers.

25. Defendant and Counter-Claimant Donald Line has suffered damages and/or it is presented with the following exposure, as nearly as can be estimated, as a consequence of the collision, including:

    A. Claims:

        i. Cost of repairs to the M/V "ALIOS ARTEMIS" and various associated expenses: $131,717.39 (equivalent EUR83,206.27) and $11,480.50;

        ii. Loss of use of M/V "ALIOS ARTEMIS" $94,390.59 (equivalent EUR59,628.86) and $57,401.06;

        iii. Loss of cargo on board the "HAN" (as claimed against Donald Line by Axa Assurance Maroc in its pending action before the Piraeus Multi-Member Court of First Instance) $1,598,347.94 (equivalent EUR1,009,715.71);

        iv. Loss of life claim (as claimed against Donald Line by the brother of the 2nd Engineer of the "HAN" in his action before the Piraeus Multi-Member Court of First Instance) $474,887.24 (equivalent EUR300,000);

        v. Loss of life claims by other relatives of missing/deceased members of the crew of the "HAN" (as estimated by Plaintiff) $500,000;

    B. Estimated interest on claims set forth above (which total $2,868,224.72) for an average of four years at an estimated average rate of 11% per annum $1,262,018.

    C. Estimated attorneys' fees and expenses $235,350.

26. Defendant and Counter-Claimant Donald Line has instituted proceedings in Greece for recovery of its damages and defense of the claims of the Plaintiff Han which proceedings are ongoing.

27. Defendant and Counter-Claimant Donald Line is entitled to countersecurity pursuant to supplemental Rule E(7) and E(2)9b0 for its claims arising from and flowing from the collision which are estimated, as nearly as can be computed at the total sum of $4,365,592.72, which sum includes the claims as identified above together with attorneys fees which are recoverable by the prevailing party in the pending Greek proceedings and for costs.

28. This Counter-Claim is lodged without prejudice to and with a full reservation of Defendant's right(s) to litigate the substantive aspects of the case elsewhere, more specifically, in the Courts of Greece where actions are pending regarding this matter and/or to seek dismissal and/or a stay this action on grounds, *inter alia*, of *forum non conveniens* and/or improper venue or forum, and this Counter-Claim is interposed solely for the purpose of obtaining security for its claims.

WHEREFORE, Defendant and Counter-Claimant Donald Line prays that:

(a) the Complaint be dismissed;

(b) that the attachment be vacated and any sums frozen released;

(c) that Plaintiff/Counter-Defendant Han be directed to provide Defendant and Counter-Claimant Donald Line with countersecurity in a sum of $4,365,592.72;

(d) that the Court stay the action pending the outcome of the foreign litigation on the merits of the claim and reserve jurisdiction to enter judgment on a judgment obtained in favor of Donald Line and against Han for enforcement against the countersecurity posted; and

(e) that Donald Line have such other and further relief as the Court deems proper in the premises.

Dated: New York, New York
April 9, 2008

> FREEHILL, HOGAN & MAHAR LLP
> Attorneys for Defendant and Counter-
> Claimant Donald Line Ltd.
>
> By: _____
> Peter J. Gutowski (PG 2200)
> 80 Pine Street, 24th Floor
> New York, NY 10005-1759
> Tel: (212) 425-1900

TO: Lennon, Murphy & Lennon, LLC
420 Lexington Avenue, Suite 300
New York, NY 10170
Attn: Kevin J. Lennon / Nancy R. Peterson
kjl@lenmur.com / nrp@lenmur.com

## ATTORNEY VERIFICATION

State of New York  )
                   ) ss.:
County of New York )

PETER J. GUTOWSKI, being duly sworn, deposes and says as follows:

1. I am a partner with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action, I have read the foregoing Verified Answer and Counter-Claim and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications, information and documentation provided by our client and/or by solicitors representing our client.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
Peter J. Gutowski

Sworn to before me this
9th day of April, 2008

_____
Notary Public

HAZEL S. ROSENTHAL
Notary Public, State of New York
No. 01RO4641178
Qualified in Queens County
Certified in New York County
Commission Expires Dec. 31, 2010

NYDOCS1/302355.1                      10