183-08/PJG
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Defendant
Donald Line Ltd.
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Peter J. Gutowski (PG 2200)



USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/1/09

COURTESY COPY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HAN SHIPPING INC.,

        Plaintiff,

- against -

DONALD LINE LTD.,

        Defendant.

07 CV 9529 (LAK)

**ORDER TO SHOW CAUSE WHY ATTACHMENT SHOULD NOT BE VACATED ON GROUNDS SECURITY WAS PREVIOUSLY POSTED, AND FOR ORDER DIRECTING PLAINTIFF TO POST COUNTERSECURITY**

Upon the annexed Declaration of Deucalion Rediadis dated June 20, 2008, the Exhibits annexed thereto, the accompanying Memorandum of Law and the pleadings and proceedings filed herein:

Let the Plaintiff Han Shipping Inc. ("Han Shipping") show cause before the Honorable Lewis A. Kaplan, United States District Court Judge, at 500 Pearl Street, Courtroom 12D, New York, New York 10007, pursuant to Supplemental Admiralty Rule E(2)(b), E(4)(f), E(7) and Local Admiralty Rule E.1,[1] on the __ day of July 2008 at ___ o'clock, or as soon thereafter as counsel can be heard, why the following relief should not be granted:

---

[1] Local Rule E.1 provides for an adversary hearing in connection with a motion to vacate within three (3) court days of application.

NYDOCS1/302595.1

1. An **ORDER** vacating the Process of Maritime Attachment and Garnishment issued in this action on the basis that the Plaintiff is already fully secured in the form of a Letter of Undertaking which it agreed to accept as substitute security following Plaintiff's arrest and restraint of Defendant's vessel in Scotland, and which security was posted at the behest of the Plaintiff in respect to its pending Greek actions for damages and indemnity – the same claims which form the subject matter of this attachment proceeding;

2. An **ORDER** directing and compelling the Plaintiff to post countersecurity in the sum of $3,496,427.54 for the counter claims of the Defendant arising from the same events and circumstances giving rise to the claims of the Plaintiff – the collision of the M/V HAN and the M/V ALIOS ARTEMIS (being the US Dollar equivalent of the limitation fund already posted in Greece and defendant's specific losses as outlined more fully in the accompanying memorandum); and

3. An **ORDER** for such other and further relief as the Court may deem just and proper in the circumstances including an Order directing the Plaintiff to cease and desist from any further arrest and/or attachment proceedings.

Let service of a copy of this Order and the accompanying Declaration, Exhibits and Memorandum of Law, if served upon Lennon Murphy and Lennon by email on or before ~~July~~ July 3, 2008, be deemed good and sufficient service, with answering papers, if any, including but not limited to affidavits, affirmations, declarations, exhibits and/or memorandum of law, to be served *filed and* ~~by email~~ on counsel for the movant, Freehill Hogan & Mahar LLP on or before the 17th day of ~~June~~ July, 2008, with reply papers, if any, on behalf of the movant, to be served *filed and* ~~by email~~ on or before the 21st day of ~~June~~ July, 2008. *Unless otherwise ordered, the Court will not hold oral argument.*

Dated: New York, New York
       June 20, 2008

_____
Honorable Lewis A. Kaplan, U.S.D.J.
7/1/08

TO:   Lennon, Murphy & Lennon, LLC
      Attorneys for Plaintiff
      420 Lexington Avenue, Suite 300
      New York, NY 10170
      Attn: Kevin J. Lennon / Nancy R. Peterson
      kjl@lenmur.com / nrp@lenmur.com

NYDOCS1/302595.1                              2